IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF OHIO

EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:07CR118 |
| | ) | |
| Plaintiff-Respondent, | ) | JUDGE DAN A. POLSTER |
| | ) | |
| v. | ) | |
| | ) | |
| JOHN WORD, | ) | GOVERNMENT'S RESPONSE TO |
| | ) | DEFENDANT'S MOTION FOR RELIEF |
| Defendant-Petitioner. | ) | UNDER 28 U.S.C. 2255 |

The Plaintiff-Respondent, United States of America, by and through its counsel, Carole S. Rendon, Acting United States Attorney, and Vasile C. Katsaros, Assistant United States Attorney, hereby responds to Defendant-Petitioner's Motion to Vacate, Set Aside or Correct Sentence pursuant to Title 28, United States Code, Section 2255.  For the reasons set forth below, the United States concedes that Word is entitled to relief.

**I.      PROCEDURAL HISTORY**

Word was charged in a one count Indictment with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).  (R. 1: Indictment).  On September 12, 2007, Word pleaded guilty pursuant to a written plea agreement.  (R. 16: Plea Agreement).  A final presentence report (PSR) indicated that Word had three prior violent felony convictions which qualified as predicate offenses under the Armed Career Criminal Act (ACCA), pursuant to 18 U.S.C. § 924(e): Attempted Robbery (F-3) with a one year Firearm Specification, Aggravated Assault (F-4), and Attempted Felonious Assault (F-3).  On November 9, 2007, this Court determined Word was previously convicted of three prior offenses which qualified under 18 U.S.C. § 924(e) as predicate "violent felony" offenses and sentenced Word to 140 months

imprisonment as an Armed Career Criminal. (R. 22: Judgment). Word filed his Motion for Relief on February 3, 2016, under 28 U.S.C. § 2255. (R. 24: Motion to Vacate).

## II.    ARGUMENT

On June 26, 2015, the Supreme Court decided Johnson v. United States, ___ U.S. ___, 135 S. Ct. 2551 (2015), invalidating the residual clause of the Armed Career Criminal Act (ACCA) as unconstitutionally vague. This holding narrowed the scope of which predicate offenses count as violent crimes under the ACCA. The Johnson decision did not affect the scope of the "elements" clause of the ACCA or the "enumerated offenses" clause. Nor did the Johnson decision affect the scope of what prior drug convictions count as predicate offenses.

As this is Word's first § 2255 petition, the Government agrees that Word has timely filed his petition.[1] The Government further agrees that Word was properly appointed counsel for his petition under Chief Judge Oliver's Order dated February 3, 2016.[2] The Government concedes that after Johnson, Word's prior conviction for Attempted Robbery (F-3), pursuant to Ohio Revised Code (O.R.C.) 2911.02 can no longer be considered as a predicate offense of violence. Although the record is not clear as to which code section Word pleaded guilty, it appears based on a review of the available record that Word was sentenced under O.R.C. 2911.02 (A)(1). See Exhibit A. The elements of Robbery under that statute are:

---

[1] Johnson announced a new substantive rule of constitutional law that applies retroactively to ACCA claims. A defendant has one year from the date of the decision (June 26, 2015) to seek collateral review. 28 U.S.C. 2255(f)(3).

[2] In anticipation of litigation, Chief Judge Solomon Oliver, Jr., "hereby appoints the Office of the Federal Public Defender's to represent those defendants who have been identified as being potentially eligible for sentencing relief in light of the Supreme Court's interpretation of the Armed Career Criminal Act in Johnson v. United States, Case No. 13-7120 (June 26, 2015), covering specifically those defendants whose sentences were calculated in part the way prior convictions were classified under the ACCA." General Order No. 2015-11, August 27, 2015.

>(A) No person, in attempting or committing a theft offense or in fleeing immediately after the attempt or offense, shall do any of the following:
>(1) Have a deadly weapon on or about the offender's person or under the offender's control . . . O.R.C. 2911.02 (A)(1).

Robbery is not an enumerated offense under the ACCA. 18 U.S.C. 924(e)(2)(B)(ii). This specific code section of Robbery does not have, as an element, the use, attempted use, or threatened use of physical force against another person. Therefore, it is not a crime of violence under the elements clause of the ACCA. Consequently, this conviction can no longer form the basis for a sentence under the ACCA. Of note, the Government does not agree with Word regarding his attempted felonious assault conviction.

As the Government agrees that post-Johnson, Word's Attempted Robbery conviction would no longer qualify as a predicate offense of violence, the Government concurs that Word is entitled to relief under Johnson and will not address the merits of the other arguments until resentencing, unless directed by this Court.[3]

### III. RESENTENCING

When a district court orders a resentencing, the court has the power to determine the appropriate scope of the resentencing. United States v. Rudolph, 190 F.3d 720 (6th Cir. 1999)

---

[3] The Government does not opine what sentence Word is likely to face at re-sentencing. Unlike challenges to the drug guidelines under § 3582, there is not a simple recipe for re-calculating the guidelines. Word has many prior offenses which will need to be considered by U.S. Probation in calculating the advisory guideline range, and in providing a recommendation to this Court. For instance, if a defendant is no longer an armed career criminal, there is no automatic guideline calculation; the computation of the base offense level is wholly dependent on the prior convictions and other specific offense characteristics which may have been negated by a finding of armed career criminal. Convictions or offense characteristics which previously did not affect the guideline calculation may now be used to increase the offense level. Criminal history may also be affected as ACCA mandates a minimum of a Category IV, regardless of actual criminal history points. The Government recommends this Court order an updated presentence report prior to scheduling a re-sentencing hearing to allow U.S. Probation the necessary time to recalculate the offense conduct, and allow the parties to provide additional briefing in support of a particular sentence.

(overruled on other grounds of post-sentence rehabilitation as basis for departure), citing United States v. Jones, 114 F.3d 896, 897 (9th Cir. 1997) (§ 2255 gives district court discretion to determine the scope of the resentencing).  As Word's base offense level is determined by his prior convictions, specific offense characteristics, and criminal history category, this Court must determine the applicability of any of his prior convictions under the elements or enumerated clauses post-Johnson.  Likewise, without the ACCA base offense level of 33 under the guidelines, previously identified offense characteristics are no longer consumed by the ACCA assigned base offense level and may affect his final adjusted base offense level computation.  The Court can and should consider *de novo* any of these arguments regarding sentencing.  United States v. Saikaly, 207 F.3d 363 (6th Cir. 2000).

## IV.  CONCLUSION

Because Word's particular Attempted Robbery conviction no longer qualifies as an offense of violence under the ACCA, the Government concedes that this Court should grant petitioner's motion to vacate or modify his sentence under Johnson and set the case for de novo sentencing.

    Respectfully submitted,

    CAROLE S. RENDON
    Acting United States Attorney

By:   /s/ Vasile C. Katsaros
    Vasile C. Katsaros (OH: 0067386)
    Assistant United States Attorney
    United States Court House
    801 West Superior Avenue, Suite 400
    Cleveland, OH 44113
    (216) 622-3876
    (216) 522-8355 (facsimile)
    Vasile.Katsaros@usdoj.gov

## CERTIFICATE OF SERVICE

    I hereby certify that on this 2nd day of March 2016, a copy of the foregoing document was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's system.

                              /s/ Vasile C. Katsaros
                              Vasile C. Katsaros
                              Assistant U.S. Attorney